USDC SCAN INDEX SHEET










AXR 5/19/06 8:44

3:04-CV-02459 TACKETT V. IMPERIAL COUNTY OF

*46*

*M.*

J. Scott Tiedemann, Bar No. 180456
stiedemann@lcwlegal.com
Mark H. Meyerhoff, Bar No. 180414
mmeyerhoff@lcwlegal.com
Laura J. Kalty, Bar No. 199520
lkalty@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045
Telephone: (310) 981-2000
Facsimile: (310) 337-0837

FILED
06 MAY 18 AM 11:50
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

Attorneys for Defendants
COUNTY OF IMPERIAL and IMPERIAL COUNTY SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUSTIN TACKETT, an individual,

Plaintiff,

v.

COUNTY OF IMPERIAL, a governmental entity, and IMPERIAL COUNTY SHERIFF'S DEPARTMENT, a governmental entity doing business in the State of California; and, DOES 1 through 50, inclusive,

Defendants.

Case No. 04cv2459 J (NAJ)

Assigned for All Purposes To:
Judge Napoleon Jones
Courtroom 12

Complaint Filed: December 9, 2004

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**

**[FRCP Rule 56]**

Date: June 26, 2006
Time: 10:30 a.m.
Dept: 12

[Filed concurrently with Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment or Partial Summary Judgment; Appendix of Evidentiary Support; [Proposed] Judgment and [Proposed] Order

46 AR



LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

ORIGINAL

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2006 at 10:30 a.m., in Department 12, or as soon thereafter as this matter may be heard by the above-entitled court, located at 880 Front Street, Room 4290, San Diego, California 92101-8900, Defendants COUNTY OF IMPERIAL and IMPERIAL COUNTY SHERIFF'S DEPARTMENT (collectively "Defendants") will and hereby do move the Court for Summary Judgment, or in the alternative Partial Summary Judgment, on the grounds that there are no genuine issues as to any material facts and that Defendants are entitled to judgment as a matter of law.

This motion is made on the following grounds:

Plaintiff's First, Second and Sixth Claims for Relief are time-barred under the California Tort Claims Act.

Plaintiff's Fourth and Fifth Claims for Relief are time-barred by the California Fair Employment and Housing Act and Title VII of the Civil Rights Act of 1964, respectively.

Plaintiff's Sixth Claim is barred because Plaintiff's Tort Claim did not include any emotional distress claim.

Plaintiff's First and Second Claims for Relief fail to assert a *prima facie* case of retaliation because Plaintiff cannot establish that he engaged in any activity protected under California Labor Code §1102.5 and/or that Plaintiff suffered any adverse employment action as a result of engaging in protected activity.

Plaintiff's First and Second Claims for Relief fail because Defendants had a legitimate, non-discriminatory basis for taking adverse action against Plaintiff and Plaintiff has failed to demonstrate that Defendants' actions were pretext for retaliatory actions.

Plaintiff's Third Claim for Relief fails to establish that Defendants deprived Plaintiff of any constitutional rights. To the extent Plaintiff asserts a violation of his First Amendment rights, he has failed to establish a causal connection between

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

any protected speech and an adverse action. In any event, Defendants' adverse actions were based upon good faith and thorough investigations.

Plaintiff's Fourth and Fifth Claims for relief fails to establish a *prima facie* case or race discrimination because Plaintiff cannot establish that he was denied any employment opportunity because of his race, or that he was disciplined because of his race.

Plaintiff's Sixth Claim for relief fails because it is barred by the doctrine of workers' compensation exclusivity and Plaintiff cannot demonstrate that he was exposed to intentional "outrageous" conduct. In addition, Plaintiff has not suffered any severe emotional distress as a result of any actions taken by Defendants.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, Defendants' Appendix of Evidentiary Support, and all pleadings and papers on file in this action and upon such other matters as may be presented to the Court at the time of the hearing.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

Dated: May 17, 2006

LIEBERT CASSIDY WHITMORE

By: ______________________
Mark H. Meyerhoff
J. Scott Tiedemann
Laura J. Kalty
Attorneys for Defendants
COUNTY OF IMPERIAL and
IMPERIAL COUNTY SHERIFF'S
DEPARTMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: **6033 W. Century Blvd., Suite 500, Los Angeles, California 90045.**

On **May 18, 2006**, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT,** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Joe B. Cordileone, Esq.
Cynthia L. Stratton, Esq.
Silvia V. Townsend, Esq.
JOE B. CORDILEONE &
ASSOCIATES
438 Camino del Rio South, Suite 213
San Diego, California 92108

**BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**X BY OVERNIGHT** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, Federal Express, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

Executed on **May 18, 2006**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Bernadette V. Wilson ____________ *Bernadette V. Wilson*

190329.1 IM040-015

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: **6033 W. Century Blvd., Suite 500, Los Angeles, California 90045.**

On **May 18, 2006**, I served the foregoing document(s) described as:

1. DEFENDANTS' APPENDIX OF EVIDENTIARY SUPPORT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [VOLUME 1 OF 3, EXHIBITS 1-16]

2. DEFENDANTS' APPENDIX OF EVIDENTIARY SUPPORT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [VOLUME 2 OF 3, EXHIBITS 17-27]

3. DEFENDANTS' APPENDIX OF EVIDENTIARY SUPPORT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [VOLUME 3 OF 3, EXHIBITS 28-38]

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Joe B. Cordileone, Esq.
Cynthia L. Stratton, Esq.
Silvia V. Townsend, Esq.
JOE B. CORDILEONE & ASSOCIATES
438 Camino del Rio South, Suite 213
San Diego, California 92108

**BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

ORIGINAL

**X BY OVERNIGHT** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, Federal Express, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

Executed on **May 18, 2006**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Bernadette V. Wilson



LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045