USDC SCAN INDEX SHEET










```
TKL    5/22/06    9:20
3:04-CV-02459    TACKETT V. IMPERIAL COUNTY OF
*52*
*DECL.*
```

```
Cynthia L. Stratton, Esq. (Bar. No. 185652)
JOE B. CORDILEONE & ASSOCIATES
438 Camino del Rio South, Suite 213
San Diego, CA 92108
(619) 718-4820 Telephone
(619) 718-4825 Facsimile

Richard P. Verlasky, Esq. (Bar No. 48811)
2398 San Diego Avenue, Suite B
San Diego, CA 92110
(619) 297-5811 Telephone
(619) 297-5915 Facsimile

Attorneys for Plaintiff JUSTIN TACKETT
```



FILED
06 MAY 19 PH 4:11
US DISTRICT COURT
                          DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TACKETT, an individual,<br><br>  Plaintiffs,<br>vs.<br><br>COUNTY OF IMPERIAL, a governmental entity, and IMPERIAL COUNTY SHERIFFS DEPARTMENT, a governmental entity doing business in the State of California; and, DOES 1 through 50, inclusive,<br><br>  Defendants. | CASE NO. 04cv2459 J (PCL)<br><br>DECLARATION OF CYNTHIA L. STRATTON IN SUPPORT OF REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>DATE: MAY 30, 2006<br>TIME: 10:00 A.M.<br>BEFORE MAGISTRATE JUDGE PETER C. LEWIS<br>UNITED STATES COURTHOUSE<br>2003 W. ADAMS AVENUE<br>EL CENTRO, CALIFORNIA<br><br>Date of Filing of Action: December 9, 2004 |

I, CYNTHIA L. STRATTON, declare as follows:

1. That I am an attorney at law, duly licensed to practice in this court and a member of the law firm of Joe B. Cordileone & Associates, attorneys of record in the instant matter for Plaintiff Justin Tackett. I have personal knowledge of the facts contained in this declaration and if called upon as a witness, I could and would testify competently to these facts. I make this declaration in support of Plaintiff TACKETT's Reply to Defendant's Opposition to Plaintiff's Motion to Compel Production of Documents.

////

2. That on May 17, 2006, I received Defendants Opposition to Plaintiff's Motion to Compel Production of Documents. Said opposition was untimely under Civil Local Rule 7.1.e(2) and (4) as the Proof of Service by mail is dated May 15, 2006. Of interest, Mr. Tiedemann's signature on his opposition is dated May 16, 2006, the date *after* the proof of service. In any case, if defendants had properly increased the time for filing the opposition by three (3) days to account for mailing, then the opposition should have been filed no later than May 12, 2006.

3. That I have given defense counsel time to produce the records sought but, as of the time of the filing of the instant motion, many outstanding items remained in dispute, despite our efforts to meet and confer. As defense counsel is fully aware, I informed him that I had no alternative but to file this motion to compel production of documents as my deadline for filing such a motion was fast approaching and if I did not file it now, I would risk losing the opportunity to seek the court's intervention. I trust that defense will produce the documents they have promised to provide prior to the hearing on this matter in order to narrow the focus to only the items left in dispute.

4. <u>Supplemental Personnel File</u> – Contrary to defense counsel's assertion, they did not tell me that Ms. Housouoer had destroyed the supplemental personnel file that she maintained with respect to Plaintiff Tackett. As is clear from Defendant's April 6, 2006 meet and confer letter, they simply represented that such a file did not exist. (Plaintiff's Exhibit H). This was a misstatement. The truth would have been to state that the supplemental file did exist at one time, but evidently was destroyed by Undersheriff Housouoer in or about June of 2003, according to her May 15, 2006 declaration attached to Defendant's opposition. As recently as last month, Defendants claimed this file never existed. Had Defendants been more forthcoming regarding the fact that Ms. Housouoer had destroyed the supplemental file, Plaintiff would not have had to waste his time pursuing a motion to compel on this issue.

5. <u>Work Productivity</u> - In Request No. 57, Plaintiff is simply seeking his own performance reviews, conducted by his supervisor, Steve Gutierrez, who is now a chief. These reviews of Plaintiff's performance, gave a favorable review of Plaintiff's work productivity, yet they were not produced along with the rest of Plaintiff's personnel file. The Declaration of Josie Heath merely states she has no "work productivity" records but fails to address that what is sought is a review of Plaintiff Tackett's performance conducted by Supervisor Gutierrez, which should be in her possession as the HR Manager. As stated in attached Supplemental Declaration of Justin Tackett, COUNTY should be able to find copies of this review either in the possession of Chief Steven Gutierrez or Undersheriff Housouoer.

Case No. 04cv2459 J (PCL)
DECLARATION OF CYNTHIA L. STRATTON IN SUPPORT OF
REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

6.  **Arrest Totals of Plaintiff Tackett** – Prior to the time that I filed Plaintiff's motion to compel, Defendants did provide records showing Plaintiff Tackett's arrest totals, but, as I pointed out to counsel, the records produced did not distinguish the location of the arrests. As stated in the Declaration of Justin Tackett, p. 7, line 21 to p. 8, line 2, COUNTY mandated that Plaintiff Tackett not make any arrests inside the incorporated city limits unless "someone was getting murdered." Mr. Tackett does not believe that the same directive was made to the other officers, particularly the Hispanic officers, who were permitted to conduct patrols and make arrests regardless of the location. Because Plaintiff was treated differently than his peers and relegated to only making arrests in unincorporated areas, it is important that the arrest records produced by Defendants be broken down by location of arrest.

7.  **Promotional Efforts** – Plaintiff Tackett applied for numerous positions for which he was not selected, even though he was often the most qualified candidate. Very often an Hispanic candidate was selected. This information has already been provided to defendants via Plaintiff's Response to Request for Production of Documents, Set Two. In summary, the positions Plaintiff applied for, and approximate dates of each, include: Narcotics Task Force (NTF) Assignment, 8-29-01; Canine/Dog Handler position 4-10-02; Transfer to vacant position as the Asset Seizure Officer, 5-21-02; Transfer to Deputy Position with D.E.A., 5-5-03; DEA position, 5-19-03; Street Interdiction Team Position, 6-20-03. After applying for each position, thereafter COUNTY posted Plaintiff's ranking along with the ranking of the other candidates. These documents existed at one time. Plaintiff is only requesting the ranking information on the positions he sought, which is narrowly focused and not a burdensome request.

8.  **Community Contacts** – Defense claims that they don't understand what Plaintiff is looking for in his request for community contacts. However, as previously stated, the computer program called the "*Spillman System*" can do a search of community contacts made by a particular officer, by simply using the officer's identification number, which in the case of Plaintiff Tackett, is 871. If you enter this number into the system, the user can create a print out of all of Mr. Tackett's contacts with the community. Limiting this search to the dates of Plaintiff's employment, it is my understanding that this document should be only 20 to 25 pages in length. In light of the system set in place and the limited amount of anticipated pages, this request is not unduly burdensome to

3

Case No. 04cv2459 J (PCL)
DECLARATION OF CYNTHIA L. STRATTON IN SUPPORT OF
REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants. The attached Supplemental Declaration of Justin Tackett gives further suggestions for search criteria, which should make it simple for COUNTY to locate the information sought.

9. <u>Records Where Privacy Waived By Holder Of Privilege</u> – Defendants have acknowledged that they are in possession of the requested transcripts of Gary Tackett and Pam Latrell. Even though their testimony about misconduct was given prior to some of Plaintiff's claims, their testimony nevertheless will show a pattern of misconduct within the ranks of COUNTY, regarding the same officers involved in Plaintiff's claims. I concur that these transcripts should only be provided to the Court for review *In Camera*. Again, both Mr. Gary Tackett and Ms. Pam Latrell signed waivers releasing any privacy interest they may have in these transcripts.

10. <u>Production Of Peace Officer Personnel Files</u> – I was unaware that COUNTY did not maintain records with respect to Hank Kuiper but on behalf of Mr. Tackett, I will accept defense counsel's declaration in this regard. Therefore, Plaintiff is no longer seeking the personnel records of Hank Kuiper (No. 56). However, COUNTY <u>does</u> have the personnel records sought in Plaintiff's Request No. 23, Sergeant Manuel Avila; No. 24, Chief Sharon Housouoer; No. 25, Internal Affairs Investigator Delphino Matus; No. 49, Under Sheriff Charles Jernigan; No. 50, Chief Jesse Obeso; No. 51, Lieutenant Rick Mackin; No. 52, Sergeant Myron King; and, No. 54, HR Representative Josie Heath. These records should be produced *In Camera* for the Court's review.

11. Furthermore, there was nothing random about the selection of the individuals above for which personnel files are sought. Each and every one is referenced in Plaintiff's complaint as an individual with direct involvement and contribution to Plaintiff's claims. Since ultimately an employer is responsible for the misconduct of its employees, the more prudent course was to name only Plaintiff's employer as a party to this action.

12. <u>Defendants' Non-Personnel Records.</u> - <u>Defendants' Arrest Totals</u> – As addressed in paragraph 6 above, and in the Declaration of Justin Tackett, p. 7, line 21 to p. 8, line 2, COUNTY mandated that Plaintiff Tackett not make any arrests inside the incorporated city limits unless "someone was getting murdered." Mr. Tackett does not believe that the same directive was made to the other officers, particularly the Hispanic officers, who were permitted to conduct patrols and make arrests regardless of the location. COUNTY issued a letter to Mr. Tackett mandating that he was only allowed to make arrests in unincorporated areas. Because Plaintiff was treated differently than his peers, especially his Hispanic peers, and relegated to only making arrests in unincorporated areas, it is important that the arrest totals of his peers be produced and that the arrest records

4

Case No. 04cv2459 J (PCL)
DECLARATION OF CYNTHIA L. STRATTON IN SUPPORT OF
REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

produced by Defendants be broken down by location of arrest, as they directly relate and are relevant to Plaintiff's claim of race discrimination, retaliation and how he was singled out for disparate treatment. Without the arrest total records of his peers as a comparison, Mr. Tackett's own records are meaningless. Plaintiff's fellow officers were not forbidden from enforcing crime, regardless of the location.

13.  Records Of Patrol Car Damage – Plaintiff was disparately reprimanded for minor damage to a patrol car whereas his peers who also damaged patrol cars, suffered no recourse or reprimand. The records sought of patrol car damage directly relate to Plaintiff's claims of retaliation.

14.  E-Mails Pertaining To Plaintiff – Although Defense counsel has stated an intention to produce the e-mails records sought, as of the time of this declaration, I have not received any documents responsive to this request.

15.  Campaign Contributions – Again, defense counsel has indicated that they will produce the documents sought. However, as of the date of this declaration, I have not received any documents responsive to this request.

16.  Lawsuits For Retaliation – Plaintiff is not seeking the entire case file of any complaints for retaliation made against COUNTY's agents. Plaintiff merely seeks a copy of the complaint made or some log of the complaints filed. The focus of Plaintiff's request is narrow.

17.  Documents Regarding Marijuana Cultivation, Arrests, Surveillance And Extrication – On May 9, 2006, I took the deposition of Michael Coleman. On the issue of marijuana cultivation investigation and arrests, he stated that there were "very few" marijuana cultivation investigations or arrests in the last 16 years. Therefore, it would not be burdensome for Defendant to produce documents with respect to the very few matters involving marijuana cultivation. At this time, Mr. Coleman's deposition transcript has not yet been certified.

18.  County Cell Phone Records. – COUNTY claims they do not have records pertaining to cell phones they issued to their own officers. Normally, a billing statement includes a record of the calls made and COUNTY paid the bills. It is these billing records of the individuals designated that Plaintiff seeks as they will show the close connection with certain COUNTY agents and the well connected citizens that Plaintiff found involved in criminal activity.

5

Case No. 04cv2459 J (PCL)
DECLARATION OF CYNTHIA L. STRATTON IN SUPPORT OF
REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  19. Attached to my declaration is the Original signed version of the Declaration of Plaintiff Justin Tackett. It is identical to the copy already on file with the court and opposing counsel. Also attached is the "Supplemental Declaration of Plaintiff Justin Tackett," which rebuts matters raised by the opposition.

I declare under penalty of perjury, that the foregoing is true and correct. Executed this 19th day of May, 2006, at San Diego, California.

_____
CYNTHIA L. STRATTON, ESQ.
Attorneys for JUSTIN TACKETT

6

Case No. 04cv2459 J (PCL)
DECLARATION OF CYNTHIA L. STRATTON IN SUPPORT OF
REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS